UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Frederick Maurice McCoy, | ) | C/A No. 8:17-3323-JFA-JDA |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| South Carolina Department of Corrections, | ) | |
| Defendant. | ) | |

The *pro se* plaintiff, Frederick Maurice McCoy, is pretrial detainee at the Berkeley County Detention Center. He brings this action pursuant to 42 U.S.C. § 1983 alleging various claims against the defendant with regard to a prior conviction that appears unrelated to his current detention.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein she suggests that this court should dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for lack of prosecution. The Magistrate Judge also recommends that the district court dismiss the case subject to plaintiff's right to file an amended complaint within 21 days of the district court's order on the Report so that

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

the plaintiff may cure the deficiencies noted in the Report.

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

By order of December 21, 2017 (ECF No. 8), the plaintiff was advised by the Magistrate Judge that his case was not in proper form and he was provided instructions and forms to bring the case into proper form for judicial screening. On January 16, 2018, it appears that the plaintiff submitted a proposed summons form to the Clerk of Court.

On January 19, 2018, the Magistrate Judge entered another order (ECF No. 12) allowing the plaintiff additional time to bring his case into proper form, and it appears from the docket that the plaintiff complied with that order.

The Magistrate Judge issued her Report and Recommendation on March 28, 2018 (ECF No. 21). From the docket, it appears that on April 6, 2018, the plaintiff called the Clerk's office to report that he had been released from the Detention Center and provided the Clerk with a new address. The Clerk informed him to send his change of address to the court in writing, and that she would resend the Report to his new address.

The plaintiff was advised of his right to file objections to the Report and Recommendation, but no response was filed and the time within which to do so has expired. As of the date of this order, May 21, 2018, no further written communications or responses have been received from the plaintiff. In the absence of specific objections to the Report of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The court must

"only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In the Magistrate Judge's Report and Recommendation now before this court (ECF No. 21), the Magistrate Judge suggests that the complaint is subject to summary dismissal pursuant to 28 U.S.C. § 1915(e)(2(B). The Magistrate Judge opines that the plaintiff has failed to name a defendant amenable to suit under § 1983. Defendant SCDC is a department of the State of South Carolina that has Eleventh Amendment immunity from a suite for damages brought in this court. In other words, the named defendant SCDC cannot be held liable under § 1983 for any of the matters alleged. Thus, plaintiff has failed to state a plausible claim for relief.

The Magistrate Judge further opines that the plaintiff may be able to cure the deficiencies of his complaint by naming a proper defendant. *Goode v. Cent. Virginia Legal Aid Soc'y*, 807 F.3d 619 (4th Cir. 2015).

The Magistrate Judge suggests that this court should dismiss the complaint without prejudice and without issuance and service of process, subject to the plaintiff's right to file an amended complaint to cure the deficiencies noted in the Report within 21 days after the district court enters its order.

After carefully reviewing the applicable laws and the record in this case, this court accepts the Magistrate Judge's Report and Recommendation and finds that the Report fairly

and accurately summarizes the facts and applies the correct principles of law.

Accordingly, this action is dismissed without prejudice. However, the plaintiff shall have 21 days from the date of this order to file an amended complaint to cure the deficiencies noted in the Report and Recommendation.

If no amended complaint is received within this time period, the case will be dismissed for lack of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

May 22, 2018
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge